FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 NOV 21 PM 3:39
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| vs. | * | CR 114-025 |
| | * | |
| MICHAEL ANTHONY BROWN | * | |

# ORDER

Before the Court is Defendant's motion for reconsideration of the Court's July 3, 2014 Order denying his motion to suppress the items seized from his vehicle at the time of his arrest. For the reasons stated herein, the motion is **DENIED**.

## I. BACKGROUND

On May 7, 2014, the Magistrate Judge held a hearing on Defendant's motion to suppress evidence seized during his arrest. The Magistrate Judge recommended Defendant's motion be denied, and the Court adopted the Magistrate Judge's recommendation on July 3, 2014, over Defendant's objections. (Docs. nos. 40, 42, 44.)

On November 5, 2014, Defendant, through his counsel, filed a motion for reconsideration of the Court's July 3 adoption Order. In his motion, Defendant relies on United States v. Valerio, 718 F.3d 1321 (11th Cir. 2013)(holding

that officers' seizure of defendant nearly one week after last observing him do anything suspicious was not authorized by the Fourth Amendment) to challenge the lawfulness of the Terry stop which lead to Defendant's arrest. Valerio, 718 F.3d at 1324-25. Defendant did not cite Valerio in his motion to suppress or argue this particular legal theory at the evidentiary hearing.

## II. DISCUSSION

### A. Standard

Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration. United States v. Saintvil, 2013 WL 6196523, *2 (N.D.Ga. Nov. 27, 2013). The appropriate grounds for granting reconsideration include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Id.; United States v. Sabooni, 2014 WL 4385446, *1 (S.D.Fla. Sep. 4, 2014).

### B. Analysis

Defendant contends that in denying his motion to suppress the items seized from his vehicle, the Court improperly found that there was reasonable suspicion to stop

Defendant. Specifically, Defendant points to <u>Valerio</u> to support his argument that the <u>Terry</u> stop "was occasioned by nothing more than a convenient time for the investigators to stop Defendant to question him." (Def's Mot. at 3.) He insists that "there is no evidence the Defendant was doing anything illegal or improper at the time [officers] approached Defendant to conduct the <u>Terry</u> stop and detain him." (<u>Id.</u>) However, Defendant does not identify a change in the law, does not present any new evidence, nor does he identify either clear error or manifest injustice. Defendant simply presents to the Court for the first time a case that was available to him when he argued his motion at the evidentiary hearing. Having failed to meet the standard for a motion for reconsideration, Defendant's motion is **DENIED**.[1]

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for reconsideration (doc. no. 58) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_\_ day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court nevertheless extends its compliments to appointed defense counsel for his industry and persistence.

3