IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 FEB -1 PM 3:39
CLERK
SO. DIST OF GA.

MICHAEL ANTHONY BROWN,  )
                                       )
     Petitioner,                 )
                                       )
v.                                    )    CV 117-122
                                     )    (Formerly CR 114-025)
UNITED STATES OF AMERICA,  )
                                     )
     Respondent.               )

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 29). None of Petitioner's objections call into question the Magistrate Judge's conclusion that Petitioner's motion filed pursuant to 28 U.S.C. § 2255, as well as his motion to amend, are without merit. Petitioner strenuously argues the Magistrate Judge misunderstood or ignored parts of his claims, (see, e.g., id. at 14, 28, 29, 36), but Petitioner's dissatisfaction with the Magistrate Judge's word choice does show any of the claims for relief were ignored or changed from their original form.

Petitioner's objections also request a ruling on a withdrawn motion to amend, "Let the record show that although Petitioner withdrew the first motion to amend & then filed a second motion to amend it was not to disregard the first motion to amend." (Id. at 38.) Consistent with Petitioner's pattern and practice of attempting to provide a new

"interpretation" of an argument after receiving an explanation why the argument as originally presented fails, Petitioner now claims his second motion to amend actually incorporated his first motion. (See doc. nos. 14-16, 19.) The Court rejects Petitioner's after-the-fact attempt to change his litigation choices.

In any event, there is no merit to Petitioner's request for re-sentencing as part of these § 2255 proceedings. Petitioner offers no valid reason for the untimeliness of his second motion to amend, and as explained in detail by the Magistrate Judge, even if the motion had been timely, Petitioner's assertion he should be re-sentenced based on a substantive change to the advisory Guidelines after his sentencing on December 8, 2014, does not afford him relief. (See doc. no. 22, pp. 41-42.) Nothing in the objections alters that conclusion.

Accordingly, the Court **OVERRULES** all of Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and therefore **DENIES** the motion to amend, (doc. no. 17), and **DENIES** Petitioner's § 2255 motion without an evidentiary hearing.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

2

failed to make the requisite showing.  Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this ___1st___ day of February, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.