IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 JUN -2 PM 3:23
CLERK J. Hodge
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 114-025 |
| | * | |
| MICHAEL ANTHONY BROWN | * | |

O R D E R

Defendant Michael Anthony Brown was sentenced on December 8, 2014, upon his plea of guilty to possession with intent to distribute heroin. (See Judgment & Commitment Order, Doc. No. 68.) Brown, a career offender, was sentenced to serve 188 months in prison.

At present, Brown has filed a motion seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2), claiming that since the United States Supreme Court issued Hughes v. United States, --- U.S. ---, 138 S. Ct. 1765 (2018),[1] he is now entitled to receive the benefit of Amendment 782 to the United States Sentencing Guidelines. Amendment 782 implemented a two-level offense level reduction to a majority of the offense levels assigned to the drug

---

[1] In Hughes, the Supreme Court held that a defendant who is sentenced under a plea agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) may seek a sentence reduction if his sentence was "based on" a guideline range that is subsequently reduced by the Sentencing Commission.

quantities set forth in Section 2D1.1 of the Guidelines. It became effective on November 1, 2014. Brown, who was sentenced one month after the effective date, was sentenced under the amended guidelines with any benefit Amendment 782 afforded. Accordingly, his reliance upon Amendment 782 and the Hughes decision is unavailing.

Because Brown has not established that he is entitled to relief under 18 U.S.C. § 3582(c)(2), his motion for reduction in sentence (doc. no. 124) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE