IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA       *
                                *
      v.                       *       CR 114-025
                                *
MICHAEL ANTHONY BROWN       *

_____

O R D E R

_____

Defendant Michael Anthony Brown has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes the motion.

In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement in U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even

---

[1] Brown has also filed a motion to be released to home confinement. The United States District Court does not have the authority to order home confinement. Rather, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted)). Thus, Brown's "Motion for Home Confinement" (doc. no. 128) is **DENIED**.

one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made."). The focus of Brown's motion is twofold. He complains about the conditions of his confinement at USP Atlanta,[2] and he contends that his medical condition warrants early release.

First, Brown is no longer housed in USP Atlanta; he is now incarcerated at USP McCreary in Pine Knot, Kentucky.[3] Thus, most of the allegations put forth by Brown as justification for compassionate release are now moot assuming the allegations are even relevant since condition-of-confinement claims are not cognizable in the context of a § 3582(c) motion. Instead, Defendant must raise such claims in a civil suit brought pursuant to 42 U.S.C. § 1983. Moreover, because Brown has not been housed in the Southern District of Georgia at any relevant time, this Court would not have jurisdiction over any potential defendants,

---

[2] Brown was incarcerated in USP Atlanta from March 2017 to July 2021. He explains that he was mentally and physically tortured by USP Atlanta staff after he was involved in an altercation and placed in solitary confinement for 33 months. He also complains about the conditions of his confinement to include lack of air quality, adequate water and sewage, black mold, vermin, and more. He adds allegations about incidents of excessive use of force. His allegations against USP Atlanta cover 13 handwritten pages. (Doc. No. 127-1.)

[3] The Clerk is to make note of Brown's new address: USP McCreary, 330 Federal Way, Pine Knot, KY 42635.

and venue would be improper.  See, e.g., United States v. Spinner, 2021 WL 280059, *5 (S.D. Ala. Jan. 27, 2021) (cited sources omitted).

Second, Brown complains that he has hepatitis C, high blood pressure, a bone fragment in his wrist, and PTSD.  These conditions, whether considered alone or in conjunction with the contraction of COVID-19, do not constitute extraordinary and compelling circumstances warranting early release.  In order to rise to the level of extraordinary and compelling under § 3582(c)(1)(A)(ii), a serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" or be one "from which [the inmate] is not expected to recover."  See U.S.S.G. § 1B1.13 cmt. n.1(A).  Brown has not demonstrated that his medical condition rises to the level required by U.S.S.G. § 1B1.13.  Importantly, Brown bears the burden to establish extraordinary and compelling circumstances.  See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).  He has simply not carried his burden.

Further, even assuming extraordinary and compelling circumstances existed, it remains within the Court's discretion to determine whether a sentence reduction is warranted.  United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).  In exercising its discretion, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).

3

In Brown's case, these factors weigh against his release, particularly in light of the nature and circumstances of his offense and status as a career offender. Notably, Brown received a very favorable plea agreement in that two firearm-related charges were dismissed. Yet, Brown has six years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, or afford adequate deterrence. Also, the Court is greatly troubled by Brown's involvement in an altercation in prison that led to his conviction for assault with a dangerous weapon with intent to do bodily harm.[4] See United States v. Brown, Case No. 1:19-CR-218 (N.D. Ga. Jun. 11, 2019). Though Brown now claims he acted in self-defense, he pled guilty in federal court and, fortunately for him, received an 80-month concurrent sentence as a result of his plea agreement. In short, the Court would not exercise its discretion to release Brown under the compassionate release provision even if he had a qualifying medical condition.

Upon the foregoing, Defendant Brown's motion for compassionate release (doc. no. 127) is **DENIED**. Defendant Brown's

---

[4] According to the witnessing correctional officer, Brown used a laundry bag containing a large metal fire hose nozzle to beat the victim inmate about the head and back.

motion for the appointment of counsel[5] and to proceed *in forma pauperis* (doc. no. 129) is **DENIED AS MOOT.**

**ORDER ENTERED** at Augusta, Georgia, this 27th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[5] There is no statutory or constitutional right to counsel for compassionate release motions. See <u>United States v. Courson</u>, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (citing <u>United States v. Webb</u>, 565 F.3d 789, 794-95 (11th Cir. 2009), in connection with a motion under 18 U.S.C. § 3582(c)(2)). Instead, the appointment of counsel is left to the Court's discretion. Here, Brown insists that he cannot present his case without counsel assisting him in gathering pertinent medical and administrative records. The Court, however, has determined that even if Brown were able to present record support for his medical conditions, the Court would not grant compassionate release upon weighing the sentencing factors of § 3553(a). Thus, the interests of justice do not demand the appointment of counsel.